Connolly, J.
This case involves a three-count complaint filed by Paula Allen against her former employer, the Service Employees International Union, Local 254. Pursuant to the Complaint, Count I was for a'failure to pay wages under ch. 149, §148, Count II was a dispute concerning an alleged breach of contract of employment that provided for accumulation and carry-over of earned, accrued vacation time, and Count III is a claim of a “discharge in violation of public policy,” “in order to deprive her of compensation already earned.”
Counts I and II have been resolved by settlement and the only issue remaining is an assessment of attorneys fees.[1] Therefore, that leaves Count III which is the subject of this Motion for Summary Judgment.
The plaintiff Paula Allen, in her complaint alleges that she was wrongfully terminated “to deprive her of compensation already earned and owing.” (See paragraphs one and twenty-four of the Complaint.) Ms. Allen was an at-will employee, and she could have been terminated at any time, with or without just cause. However, our Supreme Judicial Court has recognized an exception to the at-will employment rule “if the termination violates a clearly established public policy.” King v. Driscoll, 418 Mass. 576, 582 (1994). The Supreme Judicial Court has “recognized exceptions to the general rule . . . when employment is terminated contrary to well-defined public policy.” Wright v. Shriners Hospital for Crippled Children, 412 Mass. 469, 472 (1992). The determination of whether a “public policy” is implicated in the discharge is a question of law for the Court. “It is not for the jury to define the public policy. The judge must determine whether, on the evidence, there is a basis for finding that a well-defined, important public policy has been violated.” Mello v. Stop & Shop Co., 402 Mass. 555, 561, n. 7 (1988).
The Appeals Court in Melley v. The Gillette Corporation, 19 Mass.App.Ct. 511, 511-13 (1985), set out as follows.
[A] finding that certain conduct contravenes public policy does not, in itself, warrant the creation of a new common-law remedy for wrongful dismissal by an employer. The rationale for implying a private remedy under the “public policy exception” to the traditional rule governing at-will employment contracts is that unless a remedy is recognized, there is no other way to vindicate such public policy . . . But “where . . . there is a comprehensive remedial statute, the creation of a new common-law action based on the public policy expressed in that statute would interfere with that remedial scheme.”
Also, in Mello v. Stop & Shop Co., 402 Mass. 555, 557 (1988), the Court stated as follows.
A basis for a common-law rule of liability can easily be found when the Legislature has expressed a public policy position concerning the rights of employees and an employer discharges an at-will employee in violation of the established policy, unless no common-law rule is needed because the Legislature has also prescribed a statutory remedy.
In the present case, the Legislature has prescribed a statutoiy remedy for dealing with the situation when an employer does not pay an employee timely. Ch. 149, §148. Therein, “wages” is defined to include “any holiday or vacation payments due an employee under an oral or written agreement.” The Legislature sets out in ch. 149, §148, ch. 149, §150 and ch. 149, §27C the comprehensive remedial statute. Therefore, based on the allegations in the plaintiffs complaint, as quoted above, and the sworn facts presented the plaintiff may not recover as a matter of law on this claim alleging wrongful discharge.
ORDER
After hearing and review of all submissions, the Motion of the Defendant, Service Employees International Union, Local 254 for Summary Judgment on Count III is ALLOWED.
*237 *1he Massachusetts Lazo i'Reporter Cite as 17 Mass. L. Rptr. No. 8, 181 (January 26, 2004)

 The Court will deal with the issues of legal fees in a subsequent order.